UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

JOSEPH BALIGA,                          )
                                        )
                    Plaintiff,          )
                                        )
        v.                              )        No. 1:21-cv-00472-JRS-TAB
                                        )
MICHAEL SMITH, et al.,                  )
                                        )
                    Defendants.         )

**Order on Motion for Summary Judgment**

## I.      Introduction

This is an administrative procedure case.  The Court has previously, (ECF No. 46), described the facts, which, aside from motive, are uncontested.  In short: Dr. Joseph Baliga, a veterinarian, worked with racehorses, until, one day in September 2016, a racetrack security guard claimed he saw Baliga dope a horse.  Thus began a years-long saga of administrative proceedings, most of them flawed,[1] which—ultimately, anticlimactically, but perhaps predictably—resulted in a dropped charge. Baliga lost the use of both his racehorse license and his general veterinary license for several years, and he never received a hearing on the merits.  He insists that he was innocent and that the state agency actions against him were unfounded and malicious.  His surviving claims against the agency officials involved (collectively, "the State") are for so-called "class of one" Fourteenth Amendment Equal Protection

---

[1] *See Baliga v. Indiana Horse Racing Comm'n*, 112 N.E.3d 731, 737 (Ind. Ct. App. 2018) (diagnosing the "confusion" in the State's administration of its own agency rules and finding abuse of discretion in the disciplinary procedures against Baliga).

violations, state-law malicious prosecution, and violations of the Indiana Constitution's "right to make a living" clause.

Now before the Court is the State's Motion for Summary Judgment. (ECF No. 71.)

## II.   Legal Standard

The legal standard on summary judgment is well established:

> Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A genuine dispute of material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Skiba* [*v. Illinois Cent. R.R. Co.*, 884 F.3d 708, 717 (7th Cir. 2018)] (quoting *Anderson v. Liberty Lobby*, Inc., 477 U.S. 242, 248 [] (1986)). A theory "too divorced from the factual record" does not create a genuine issue of material fact. *Id.* at 721. "Although we construe all facts and make all reasonable inferences in the nonmoving party's favor, the moving party may succeed by showing an absence of evidence to support the non-moving party's claims." *Tyburski v. City of Chicago*, 964 F.3d 590, 597 (7th Cir. 2020).

*Marnocha v. St. Vincent Hosp. & Health Care Ctr., Inc.*, 986 F.3d 711, 718 (7th Cir. 2021). The Court applies that standard here.

## III.   Discussion

### A.   Equal Protection Class of One

The Court in dismissing Baliga's procedural Due Process claim held that the State's decisions whether to initiate a disciplinary action and whether to approve a license application were discretionary. (Order on Motion to Dismiss 10, 12, ECF No. 46.) Baliga's Equal Protection class of one claim rests on precisely those discretionary actions. He argues that the State violated his rights by "causing [his] license to be suspended for approximately four years without a hearing on the merits" and by "refusing to act on [his] license application." (Pl.'s Statement of Claims, ECF No. 42.)

2

The Equal Protection Clause of the Fourteenth Amendment "protects persons 'against purely arbitrary government classifications, even when a classification consists of singling out just one person for different treatment for arbitrary and irrational purposes.'" *FKFJ, Inc. v. Vill. of Worth*, 11 F.4th 574, 588 (7th Cir. 2021) (quoting *Geinosky v. City of Chicago*, 675 F.3d 743, 747 (7th Cir. 2012)). Arbitrary action against a single individual gives rise to a "class-of-one" claim. *Id.* However, "class-of-one claimants carry a heavy burden." *Id.* They must show both that they were "intentionally treated differently from others similarly situated" and that "there is no rational basis for the difference in treatment." *Id.* (quoting *Geinosky*, 675 F.3d at 747).

Furthermore, though, "a class-of-one claim cannot be used to challenge discretionary governmental action." *Katz-Crank v. Haskett*, 843 F.3d 641, 649 (7th Cir. 2016) (citing *Engquist v. Or. Dep't of Agric.*, 553 U.S. 591, 603–04 (2008) and *Avila v. Pappas*, 591 F.3d 552, 554 (7th Cir. 2010)). That dooms Baliga's claim here because the actions at issue were discretionary. *Id.* (noting "the decision to initiate prosecution" as a quintessential "discretionary governmental action"); *see also Geinosky v. City of Chicago*, 675 F.3d 743, 747 (7th Cir. 2012) (quoting *McDonald v. Vill. of Winnetka*, 371 F.3d 992, 1009 (7th Cir. 2004)) ("[T]he purpose of entertaining a 'class of one' equal protection claim is not to constitutionalize all tort law nor to transform every claim for improper provision of municipal services . . . into a federal case.").

Even if Baliga's Equal Protection class of one claim were not barred by *Katz-Crank*, he fails to establish either element of the claim. First, Baliga cannot "negative any reasonably conceivable state of facts that could provide a rational basis" for the State's decision to initiate disciplinary proceedings. *FKFJ, Inc.*, 11 F.4th at 588 (quoting *Miller v. City of Monon*a, 784 F.3d 1113, 1121 (7th Cir. 2015)). That decision had a rational basis in the evidence against Baliga: witness testimony and a vial of mystery drug. (Pl.'s Resp. 5, ECF No. 78.) Baliga disputes the sufficiency of that evidence, but the Court looks only for a "conceivable" reason for the State to prosecute. *FKFJ, Inc.*, 11 F.4th at 588. Second, Baliga cannot show he was "treated differently from others similarly situated." *Id.* The State brought and prevailed in disciplinary actions against the trainer and the owner of the horse over the same alleged doping incident. (Defs.' Reply 3, ECF No. 81.) As to the State's inaction on Baliga's 2020 license application, Baliga fails to show others who were similarly situated. Baliga points to other vets whose applications were rubber-stamped, but his case was different: he was only recently out from under the cloud of a suspension, and the State reasonably could have decided his application required further consideration.[2]

---

[2] Another possible reason—simple oversight, or even procrastination—might not be "rational" under the test as currently formulated, even though it is nonetheless not the invidious conduct the Equal Protection clause is usually employed to remedy. *See, e.g.*, *Bell v. Duperrault*, 367 F.3d 703, 713 (7th Cir. 2004) (Posner, J., concurring) ("Treatment that is arbitrary only because of human or institutional fallibility rather than because unlawful motives are in play is not an apt occasion for constitutional litigation."). Indeed, a recurring theme in the Seventh Circuit's class of one cases is the difficulty in establishing a test that allows some claims without inviting all. *See, e.g.*, *Geinosky*, 675 F.3d at 749 ("We are not inviting every driver with a couple of parking tickets (even invalid ones) to sue in federal court."); *McDonald*, 371 F.3d at 1009 (7th Cir. 2004) ("[T]he purpose of entertaining a 'class

B.  State Law Claims

Baliga's state law claims run squarely into the immunities granted by Indiana's Tort Claims Act ("ITCA").  Ind. Code § 34-13-3-1 *et seq.*  The ITCA provides "[a] governmental entity or an employee acting within the scope of the employee's employment is not liable if a loss results from" certain listed circumstances.  § 34-13-3-3(a).  Among those circumstances are "[t]he initiation of a judicial or an administrative proceeding," § 34-13-3-3(a)(6), and "[t]he issuance, denial, suspension, or revocation of, or failure or refusal to issue, deny, suspend, or revoke any permit, license, certificate, approval, order, or similar authorization, where the authority is discretionary under the law," § 34-13-3-3(a)(11).

It is well settled that § 34-13-3-3(a)(6) applies to bar malicious prosecution claims against state employees.  *F.D. v. Indiana Dep't of Child Servs.*, 1 N.E.3d 131, 137 (Ind. 2013); *Butt v. McEvoy*, 669 N.E.2d 1015, 1018 (Ind. Ct. App. 1996); *Katz-Crank*, 843 F.3d at 648; *Townsend v. Wilson*, No. 1:13-CV-315-SLC, 2015 WL 4742115, at *11 (N.D. Ind. Aug. 10, 2015), *aff'd*, 652 F. App'x 449 (7th Cir. 2016) (collecting cases).  Similarly, where an agency "may" issue a license, the non-issuance thereof is within the scope of § 34-13-3-3(a)(11).  *Flynn v. Indiana Bureau of Motor Vehicles*, 716 N.E.2d 988, 991 (Ind. Ct. App. 1999).  The Court previously identified that the State's

---

of one' equal protection claim is not to constitutionalize all tort law nor to transform every claim for improper provision of municipal services or for improper conduct of an investigation in connection with them into a federal case."); *Bell*, 367 F.3d at 713 ("[C]lass-of-one cases . . . have an ominous potential to burst the proper bounds of equal protection law.").  If it is so difficult to establish a limiting principle, maybe the real problem lies deeper.  What does an Equal Protection class of one claim remedy that Due Process does not?

licensing power here contains the discretionary "may" language. (Order on Motion to Dismiss 10, 12, ECF No. 46 (citing Ind. Code § 4-31-6-6).)

Thus, even assuming Baliga has complied with the ITCA's notice requirements for a tort suit against the State, Ind. Code § 34-13-3-6, and even assuming Baliga may sue individual officers for the actions of the agency, Ind. Code § 34-13-3-5, the Court has no difficulty concluding that his state law claims against the State are barred by the substantive immunity provisions in §§ 34-13-3-3(a)(6) and (a)(11). *Gary Cmty. Sch. Corp. v. Roach-Walker*, 917 N.E.2d 1224, 1226 (Ind. 2009) ("Whether an immunity applies is a matter of law for the courts to decide."); *Cox v. Evansville Police Dep't*, 107 N.E.3d 453, 460 (Ind. 2018) (Court may decide § 34-13-3-3(a) "scope of employment" where obvious); *Bules v. Marshall Cnty.*, 920 N.E.2d 247, 250 (Ind. 2010) (summary judgment on immunity proper except where facts permit "conflicting reasonable inferences" that would affect applicability of listed immunity). Baliga's double-headed malicious prosecution-abuse of process claim is barred by § 34-13-3-3(a)(6) and his right to make a living claim, if cognizable, is barred by a combination of § 34-13-3-3(a)(6) and, to the extent it relies on the 2020 license application, § 34-13-3-3(a)(11).

## IV.   Conclusion

Baliga's federal Equal Protection class of one claim fails, and his state law claims are barred by the ITCA. All remaining claims are therefore **dismissed with prejudice**, and this case is over.

Final judgment shall issue separately.

**SO ORDERED.**

Date: 02/09/2023

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution by CM/ECF to registered counsel of record.